Alejandro REYES–ARGUELLES,
Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 12–72883.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2013.*

Filed Dec. 20, 2013.

Thomas A. Lappin, Esquire, Law Office of Thomas A. Lappin, San Diego, CA, for Petitioner.

Sharon Michele Clay, Esquire, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

■

Before: GOODWIN, WALLACE, and GRABER, Circuit Judges.

MEMORANDUM **

Alejandro Reyes–Arguelles, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") denial of his motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo constitutional claims.

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

The IJ did not abuse his discretion in denying Reyes–Arguelles' motion to reopen where notice was proper, *see* 8 U.S.C. § 1229(a), and where Reyes–Arguelles failed to establish that exceptional circumstances excused his failure to appear at his hearing, *see* 8 U.S.C. § 1229a(e)(1) (defining exceptional circumstances as circumstances beyond the control of the alien); *Valencia–Fragoso v. INS,* 321 F.3d 1204, 1205–06 (9th Cir.2003) (per curiam) (finding no exceptional circumstances where petitioner misunderstood the time of her hearing).

It follows that the IJ did not violate Reyes–Arguelles' due process rights by denying the motion. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.